PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

**ORIGINAL**

CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE** _Northern_ **DISTRICT OF TEXAS**
_Fort Worth_ **DIVISION**

2020 JAN 22   PM 2:02

DEPUTY CLERK _DJ_

_John David Kennemer 2197190_
Plaintiff's Name and ID Number

_Ramsey Unit of TDCJ_
Place of Confinement

**4-20CV-056-P**

CASE NO._____
(Clerk will assign the number)

v.

_Parker County 129 Hogle st weatherford TX 76086_
Defendant's Name and Address

_La Salle Southwest Corrections 612 Jameson st weatherford TX 76086_
Defendant's Name and Address

_Larry Fowler 129 Hogle st weatherford TX 76086_
Defendant's Name and Address
( DO NOT USE "ET AL.")

_Complaint with Jury Demand_

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) , the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

_Page 1 of 39_

Rev. 05/15

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISON

John David Kennemer
V.

C.O. John Doe Garcia 612 Jameson st weatherford TX 76086
    Defendants name and Address
John Doe # 1 ) 612 Jameson st Weatherford TX 76086
    Defendants name and Address
John Doe # 2 ) 612 Jameson st weatherford TX 76086
    Defendants name and Address
Jay Fason 612 Jameson st weatherford TX 76086
    Defendants name and Address
John Doe WARDEN) 612 Jameson st weatherford, TX, 76086
    Defendants name and Address
John Doe #4 ) 612 Jameson st. weatherford, TX, 76086
    Defendants name and Address
John Doe #5 ) 612 Jameson st. weatherford, TX, 76086
    Defendants name and Address
John Doe #6 ) 612 Jameson st. weatherford, TK, 76086
    Defendants name and Address
John Doe #7) 612 Jameson st weatherford, TK, 76086
    Defendants name and Address
Jack County 1432 FM 3344 Jacksboro TK 76458
    Defendants name and Address
John Doe Robinson)612 Jameson st weatherford TX 76086
    Defendants name and Address
John Doe #8 ) 612 Jameson st weatherford TX 76086
    Defendants name and Address
John Doe Corporal) 1432 FM 3344 Jacksboro TX 76458
    Defendants name and Address
John Doe Coffee) 612 Jameson st weatherford TX 76086
    Defendants name and Address
Tom Spurlock sheriff 1432 FM 3344 Jacksboro TK 76458
    Defendants name and Address

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.*)

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.   PREVIOUS LAWSUITS:

   A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

   B.  If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

   1.  Approximate date of filing lawsuit: *October 4th 2019*

   2.  Parties to previous lawsuit:
       Plaintiff(s) *John David Keene mes*
       Defendant(s) *Bryan Collier & A. Chevalier*

   3.  Court: (If federal, name the district; if state, name the county.) *Southern District of Texas*

   4.  Cause number: *Civil Action 3:19-CV- 00335*

   5.  Name of judge to whom case was assigned: *Lee H Rosenthal   Transfered Case to Galveston*

   6.  Disposition: (Was the case dismissed, appealed, still pending?) *Still pending*

   7.  Approximate date of disposition: *no disposition yet*

Rev. 05/15

*X page 3 of 39*

II.   PLACE OF PRESENT CONFINEMENT: Ramsey Unit 1100 FM 655 Rosharon Texas 77583

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   ✓ YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.
please See Exibit A-1 Through A-9

IV.   PARTIES TO THIS SUIT:

A. Name and address of plaintiff: John David Kennemer Ramsey Unit 1100 FM 655
Rosharon Texas 77583

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Parker County 129 Hogle St. Weatherford TX 76086

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
The Floor of Parker county Jail discriminate against my disability. My crutchs slip on the Floor.
The showers in cell E-9 and 6-5 discriminate against me with my disability, I cannot stand
on both Feet and wash the lower part of my Body without a seat in the shower. Parker county
Jail has no seats
Defendant #2:   La Salle Southwest Corrections
612 Jameson street weatherford Texas 76086

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
Did not provide transportation equiped for my disability. The van they used discriminated
against my disability. I could not climb the steps with crutchs. La Salle did not provide
me a detainee with medical care.
Defendant #3: Larry Fawler Sheriff of Parker County 129 Hogle street
weatherford, Texas, 76086

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
Acted in his own capacity by his failure to act in his official capacity, He is To oversee
the operation of LaSalle and the Parker county Jail.

Defendant #4: C.O. John Doe Garcia 612 Jameson street weatherford TX 76086
white lady 5'9" 170lbs transport officer on 3/11/18, Garcia is her last name Mid 50's.

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
Acted in her own capacity by causing me pain putting me in the van. Refused to follow the
Perscription of the doctor who's care I was under by taking my crutchs and causing injury.

Defendant #5: John Doe #1 Guard working E-9 cell on 3/10/18 at 10:30 pm
white Female, military boots 5'9" 150lbs - 612 Jameson st weatherford Texas 76086

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Acted in her own capacity by refusing to call an Ambulance to provide
me with medical care.

IV.                    PARTIES TO THIS SUIT (cont)

B(cont) Full name of each defendant, his official position,
his place of employment, and his full mailing address.

Defendant #6: John Doe #2   6' tall, 220 lbs, 20 to 25 years
old; He was the only male transport officer on 3/11/18.
Briefly describe the acts or omissions of this defendant
which you claim harmed you:
— John Doe #2 acted in his personal capacity causing
me pain while taking me out of the van.
Defendant #7: Jay Eason, Director of operations for LaSalle
South west Corrections. 612 Jameson street weatherford
Texas 76086.
Briefly describe the acts or omissions of this defendant
which you claim harmed you:
— Jay Eason is being sued in his personal capacity for
failing to act in his official capacity. More specifically
his failure to provide trained Gaurds and trained Medical
staff, that will follow the perscription of the doctor
who's care I was under.
He (Jay Eason) failed to provide transportation that is equipped
for prisoners with disabilities.
Defendant #8 John Doe (Warden); The head warden working
on 3/13/18.  6'5" 270 lbs white man He loves God (Christian)
612 Jameson street, weatherford, Texas 76086
Briefly describe the acts or omissions of this defendant
which you claim harmed you:
   The warden acted in his personal capacity by placing
me in E-9 cell with no way to wash my lower body.
The warden failed in his official capacity by not training
the jailers under him of how to provide for someone
with the medical care due a detainee.
Defendant #9: John Doe #4 was a white male trans port
Officer He worked 3/27/18 (The only male Transport officer
working that day) mid 20s 6' tall 180 lbs. 612 Jameson street
weatherford Texas 76086
Briefly describe the acts or omissions of this defendant
which you claimed harmed you. (cont. on next page)

IV                    PARTIES TO THIS SUIT (cont)

B. (cont)

Defendant #9: (cont. From previous page) John Doe #4 hurt me in his own capacity by putting me physically in the transport van with a broken heel.

Defendant #10: John Doe #5 is the Female (only Female officer) Transport Officer working on 3/27/18. Mid 20s 5'9" 145lbs 612 Jameson street weatherford Texas 76086
Briefly describe the acts or omissions of this defendant which you claim harmed you:
John Doe #5 Acted in her own capacity by causing me harm after she heard the doctors orders to me "to keep wieght off my foot", she physically put me in the transport van not Equipped for my disability.

Defendant #11: John Doe #6 Female Transport officer working on 4/17/18. She has a tatoo on her tounge, 45 years old 5'5" 145 lbs. 612 Jameson street weatherford Texas 76086
Briefly describe the acts or omissions of this defendant which you claim harmed you:
John Doe #6 acted in her own capacity by forcing me to walk on ICE that my crutchs slipped on and re-broke my Fibula. (heel on Rt Foot)

Defendant #12: John Doe #7 male Transport officers working 4/17/18 mid 50s, Red hair glasses 5'8" 160lbs.
612 Jameson street weatherford Texas 76086
Briefly describe the acts or omissions of the defendant which you claim harmed you:
John Doe #7 acted in his own capacity Forcing me with crutchs to walk over ICE and re-fracturing my foot.

Defendant #13 Jack County 1432 FM 3394 Jacksboro Texas 76458-3126
Briefly describe the acts or omissions of the defendant which you claimed harmed you:
Jack County caused injury to me by not providing me crutchs or a wheelchair to get to the toilet and shower.
Jack county discriminated against my disability by not allowing me rails at the toilet, or a seat in the shower

<u>IV</u>  PARTIES TO THIS SU<u>T</u>T (cont.)

B. (cont) Full name of each defendant, his official position, his place of employment, and his full mailing address.

<u>Defendant #14</u> John Doe Robinson, Transport officer for La Salle, Robinson is his last name, 6'2 30 lbs white man, late 50's. 612 Jameson street weatherford Texas 76086 Briefly describe the acts or omissions of this defendant which you claimed harmed you.
John Doe Robinson took the crutchs perscribed to me by the Doctor, who's care I was under.

<u>Defendant #15</u> John Doe #8 Transport officer for La Salle He was with John Doe Robinson on 5/23/18. Dark brown Skin 6'4" 250 lbs, He wore a white shirt,
Address: 612 Jameson street weatherford Texas 76086 Briefly describe the acts or omissions of this defendant which you claimed harmed you.
John Doe #8 acted in his personal capacity by heating me and causing me injury by putting me with his hands in the transport van not equipped for my disability.

<u>Defendant #16</u> "John Doe Corporal" is the only corporal that was working at the Jack County Jail on 5/23/18.
Address: 1432 FM 3344 Jacksboro Texas 76458-3126 Briefly describe the acts or omissions of this defendant which you claimed harmed you.
John Doe Corporal acted in his own capacity by not having me taken to the hospital and having my foot x-rayed and a doctors opinion on if my crutchs were needed or not. This was a failure for him to act in his official capacity.

<u>Defendant #17</u> John Doe Coffee this is a medical Assitant that worked for La Salle from 3/10/18 to 5/31/18 Briefly describe the acts or omissions of this defendant which you claimed harmed you.
She acted in her personal capacity by refusing to follow the doctors whos care I was under.
She denied pain medication

IV          PARTIES TO THIS SUIT (cont.)

B. (cont.) Full name of each defendant, his official position,
his place of employment, and his full mailing address

Defendant #18. Tom Spurlock, Sheriff of Jack County,
Address: 1432 FM 3344 Jacksboro Texas 76458-3126
Briefly describe the acts or OMISSIONS of this defendant
which you claimed harmed you.

- Tom Spurlock acted in his personal capacity by failing to
train the Jailers of Jack County Jail.
More specifically, he failed to train them when someone
comes in their Jail with crutches, the crutches are not
to be taken from them without a direct order from
a doctor.
- Sheriff Tom Spurlock is responsible for failing to follow
a court ORDER From the 43RD District Court.

Page 8 of 39

V.   STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.  *Jury Demand*

*(Jurisdiction)* On the 2nd of Febuary 2018, I was arrested for my 4th DWI, and became a detainee at the Parker County Jail, Ran by LaSalle Corrections, The Constitutional violations and ADA claims occured at Parker County and Jack County. Jurisdiction for this claim is in the Northern District of Texas, (Fort Worth Division) The Defendants named in this complaint work at one of the two jails.

Jack County is also in the Northern District of Texas (Fort Worth Division) The Sheriffs' Department of Parker County is on the same location that the Parker County Jail is located. The Jack County Jail is also the same location of the Jack County Sheriff's Department. [ This paragraph is continued on Page 30 # "Statement of Claim (cont'd)]

VI.   RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments.  Cite no cases or statutes. *Plaintiff seeks a jury Trial on all issues Triable by a jury.*

*A This Court should issue a declaratory judgement stating that:*
*1 The Medical care that the defendant failed to provide (cont. on page 27)*

VII.   GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

*John David Kennemer, J. D. Kennemer, John Kennemer, David Kennemer*

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

*2197180 TDCJ#  SID number 06205575*

VIII.   SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES  /  NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.   Court that imposed sanctions (if federal, give the district and division): _____

2.   Case number: _____

3.   Approximate date sanctions were imposed: _____

4.   Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

*＋ page 9 of 39*

Rev. 05/15

V.(cont.)   Statement of Claim (cont)

1.) On 3/10/18 at or around 10:30 pm, I jumped off my bunk and broke my fibula bone (heel Rt Foot). My foot became the size of a nerf football in minutes. The Gaurd [2] John Doe #1 (Defendant # 5) was called into E-9 (cell) and she saw the injury; The Gaurd with military training could see that medical attention by a qualified doctor was needed. The Gaurd [1] nor La Salle staff would not call for a ambulance and told me it would be Monday before I went to the hospital. This is where punishment of a detainee began. [2]

On 3/11/18 I began calling my Mother [3] around 8:00 am. I asked her to please get in touch with the Medical department at the jail. I told her my foot was the size of a nerf football. She called the Medical department and the Medical Assistant told her "It is his fault his foot is injured." My mom said," It does not matter whos' fault it is he needs to go to the hospital." 12 hours without medical attention. The first act of Reckless Indiferance.

2.) Sometime passed; it may have been around 10:00 am On 3/11/18 when C.O. Garcia (Defendant #4) came to E-9 cell to transport me to weatherford memorial. [4] On 3/11/18 I became a qualified individual with a disability. My disability affects my ability to walk. The doctor in the hospital said "It could be months before you are able to walk properly." It has been over a year, and nine months and I still limp with the same pain you would feel by placing a marble in your right shoe under your heel and trying to walk. A few steps you can handle, but walk for 1 hour and the pain is out of Controle.

Foot notes

1 The Gaurd was on duty working E-9 cell the night of 3-10-18 at 10:30 pm, 5'10" 160 lbs white Female, She might be in the military also. Her boots were shined to a point that only someone who was in the military could do.(Floor wax on toes of boot)

2 Richard Hare v. City of Corinth. 74 F. 3d 633; 1996 U.S. APP. LEXIS 1213 NO. 93-7192 (5th Cir.) January 29, 1996 Decided

The 5th Circuit said " When the State by the affirmative Exercise of its power so restrains an individuals' liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs -- e.g., Food clothing, shelter, medical care, and resonable saftey --- it transgresses the substantive limits on state action set by the U.S. cont. amend. VIII and Due Process clause."

3 Brenda Darlene Kennemer (817) 723-1996 7474 Fallen Trail Ft Worth Tx 76123

4 The hospital is on Santa Fe Street in weatherford Tx.

2.0810

V (CONT)                Statement of Claim (cont)

3.) I would like to make clear that the punishment was a "Continuing wrong"[5] That began on 3/10/18 and became cruel and unusual punishment upon conviction on 4/17/18 and continued until 5/31/18

On 3/11/18 <u>The staff C.O. Garcia defendant #4, did not call for an ambulance to transport me to the hospital.</u> This was deliberate indifference to the pain and injury they (C.O. Garcia & John Doe #2) would cause me by putting me physically in a van that was not equipped to carry someone who was in need of a wheel chair, and disabled. <u>C.O. Garcia and John Doe #2 (defendant 4 & 6 respectively) were perfectly aware of the pain they were causing me as I screamed with every push.</u> I was loaded like a sack of patatos. I was laid long-ways on the seat unable to be put in a seat belt. My pain and suffering was not worth the cost of an ambulance. This was a transport van for prisoners. There is no way for someone who cannot put any weight on his right foot to climb two steps to get into the side of the van. C.O. Garcia is over 50 years old; She has lived long enough to know to what <u>She was doing was in her personal capacity causing pain.</u>

Foot notes:

5 Heard v. Sheahu, 253 F.3d at 318 ( A violation is called "continuing" signifying that a plaintiff can reach back to its beginning even if that beginning lies outside the statutory limitations period, when it ~~et~~ would be unreasonable to require or even permit him to sue separately over every incident of the defendants unlawful conduct. ")

Taylor v. Meirick, 712 F.2d 1112, 1118-19 (7th Cir. 1983);

Ingalls v. Florio, 968 F. Supp. 193, 200-01 (D.N.J. 1997) (Claims of denial of medical care were continuing violations); aff'x, 101 F.3d 691 (3d Cir 1996)

6 Richard Hare v City of Corinth 74 F.3d 633; 1996 U.S. APP. LEXIS 1213  NO. 98 - 7192 (5th Cir.) January 29th 1996 Decided "The Judgment denying defendant jail officials' motion for summary judgment on the issue of whether they were entitled to qualified immunity in the plaintiff husbands' suit alleging they failed to tend to his wifes medical needs was vacated and remanded for reconsideration. The test to be applied by the district court in deciding defendants' motion was whether defendants acted with deliberate indifference."      Page 11 of 39

V (cont)                    Statement of Claim (cont.)

4.) Upon arriving at the Hospital, I was physically unloaded through the side door of the van. C.O. Garcia (defendant # 4) acted in her personal capacity by causing me pain taking me out of the van. John Doe #2 (defendant # 6) acted in his personal capacity causing me pain while taking me out of the van. The officers wanted me to walk down two steps to the ground. I turned around my back facing the outside and fell backwards into a wheel chair facing the van on the outside. As I fell John Doe #2, slowed my fall into the chair. Reckless indifference was shown by both officers.

5.) Once inside the Emergency room, the doctor had them x-ray my foot. After the x-rays were processed, he (doctor) came into the room with the nurse, and explained to me, in front of C.O. Garcia and John doe #2 (defendants 4 & 6 respectively) that my fibula bone[8] was broken. Then he explained it in a way we all could understand. He said "You broke the bone that makes up your right heel," he said it was "shattered" and said I must see a specialist for treatment. He had the nurse rap the foot, ankle, and part of the lower leg in a splint type cast. He perscribed me 900 milligrams of ibuprofen twice a day and 500 milligrams of Tylenol three times per day. C.O. Garcia, and John Doe #2 heard the doctor clearly tell me "I do not want you to put any wieght on your foot for eight weeks"[9] 5.) cont next p.

Foot notes:

[7] John doe #2 was a young man 6' tall 20 to 25 years old 220 lbs Black hair clean shave passenger in the transport van.

[8] "Ankle Fractures: The ankle structures form a ring that connects the tibia and ~~fibrat~~ fibula (The bone I broke) and 2 ligaments complexes (medially the deltoid ligament; Laterally, mainly the anterior and posterior talo fibular and calcaneo fibular ligament.) Ankle fractures are common and can result from multiple injury mechanisms. Fractures that disrupt the ring in only one place often disrupt in anther (e.g. IF only one bone is fractured, a ligament is often simultaneously, and severely torn)." (The Merck Manual eighteeth Edition p. 2566)

[9] "However remodeling can be disrupted and refracture can occur if application of force, or joint movement occurs prematurely; Thus, immobilization is usually needed." (The Merck Manual eighteeth Edition page 2560)

Page 12 of 39

4/0836

V(cont)

## Statement of Claim (cont)

5.) (cont.) C.O. Garcia and John Doe #2 Knowingly caused harm, further injury, and wanton infliction of pain by physically putting me in a van that was not equipped to transport me with my Known disability.

6.) Upon our arrival back at the Parker County [12] Jail (defendant #1) I look around as we enter the area that they are going to force me to use my crutches for the first time and the floor is slick with water. The concrete floors at Parker County Jail have a "polish Finish." The floors of Parker County Jail discriminate against someone with my disability to be able to walk on with out my crutches slipping. [10] Parker County is responsable For the conditions of the floors, and compliance with the disability statutes at the Jail Parker County owns. Parker County is responsable to have showers that have seats in them For detainees with Disabilities!! Parker County is Responsable to provide hand rails beside the toilets so a detainee with disabilities can get up and down From the toilet.

7.) La Salle south west corrections is responsable For providing medical staff that will follow the directions of the doctor treating a detainee. La Salle is responsable to provide transportation that conforms to a detainee's disabilities. La Salle is responsable to provide trained Jailers that understand the rights of detainees. La Salle south west corrections is Defendant #2.

## Foot Notes:

10 A "Broom Finish" is the Finish they put on walk ways, side walks and surfaces that become wet and must be walked on. Look down at the sidewalk, it is purposely made rough to prevent a person From slipping. A "polished Finish" is ment to have another walking surface placed on top of it. eg. tile, carpet, or epoxy paint with sand ect.

11 Bradley v. Puckett, 157 F. 3d 1022, 1025-26 (5th Cir. 1998) (Two-month denial of shower chair to prisoner with Leg brace stated an Eighth Amendment Claim)

12 Richard Hare v. City of Corinth (the Fifth Cir.) 74 F. 3d 633; 1996 U.S. App. { LEXIS 1213 } No. 93-7192 January 29th 1996 Decided. ("the states' exercise of its power to hold detainees and prisoners, however brings with it a responsibility under the U.S. Constitution to tend to the essentials of their well-being")

V. (cont)                    Statement of Claim

8.) Sheriff Larry Fowler,[13] defendant ~~#3~~ #3 is personally
responsable for not walking through the Jail to ~~see~~ the conditions
of it. It has to be ~~acting~~ acting in his personal capacity,
for not fulfilling his official obligation, to serve the County of Parker.
In 2016 on christmas eve Andy Debusk died as a detainee in your
Jail. The La Salle staff* was not trained at minum level required
for the Safty of Andy Debusk. The medical staff was at
fault in his death also. You, Mr Fowler, have failed Parker County
To have, the same conditions in your jail on 3/10/18, 1 year
3 months and a few days After the death of Andy Debusk.

9.) C.O. Garcia (defendant #4) ~~I Acted in her personal capacity~~
in her reckless disregaurd for the orders of the Doctors whose care
I was under by causing additional injury, pain by physically
removing me from La Salle's van.

10.) John Doe #2', ~~Defended~~ #6, Acted in his own capacity
by disregaurd for the Doctors Orders I was under the care
of, John Doe #2' hurt me by physically unloading me from
La Salle's van.

~~Foot notes:~~

11.) After removing me from the van I was taken to segregation.[14]
C.O. Garcia, defendant #4, took the crutches the Doctor had perscribed.
She did not put a wheelchair in the cell.[15] The cell had
urine on the floor around the toilet area.

FOOT NOTES:

13 {1996 U.S. App LEXIS21} stokes, 710 F. 2d at 1124.
"We conclude that the Jail was administered in such a
manner as to be 'virtually indifferent to the safty of
prisoners, emphasizing that the jury had found the defend-
ants guilty" of wanton conduct a had awarded punitive
damages:
14 Ruiz v. Estelle 503 F. Supp. at 1340 (denial of canes,
     braces and wheelchair condemned)
15 Lavender v. Lampert, 242 F. Supp. 2d 821, 843, 849
     (D. Or. 2002)("To unnecessarily deny the use of a wheel-
     chair to someone who obviously has an injury, and who
     lacks mobility without it would constitute deliberate
     indifference to a serious medical need")
                    page 14 of 39

G0816

V (cont)                    Statement of Claim (cont)

11.) Now I am in a cell that has nothing for me to hold myself up (rails) to get to the toilet. The floor of the cell was dirty from not being cleaned prior to them placing me in it. I am forced to drag myself to the toilet over a floor that has urine on it from the previous inmate that had been mere minutes before my arrival. There is no way to prevent putting weight or presure on my broke foot, in pulling myself up to sit on the toilet. The doctor ordered me "not to put any weight on my foot." There is NO way to keep a ~~fractured~~ foot immobilized while dragging it accross the floor. Once on the toilet, I waited for the pain of the dragging it accross the floor to subside before I was able make my body use the toilet. I must have been on the toilet for over 1 hour before I had to move and retrieve my dinner tray from the bean shute. The crawl back to the bean shute started with a planned fall to the right side of the toilet, Then I moved along the floor like a crab to the bean shute. The bean shute was beside my bed. I had to pull myself up on my bed. Once on my bed I was in too much pain to worry about eating. My cloths now damp with urine on the floor was all I had to wear. I laid back and prayed that God would stop the pain,

12.) On 3/11/19 I am staring at the bean shute praying to God it will open, and I will be given the Tylonal or ibuprofen perscribed to me by the doctor. Once the bean shute opened and the Medical Assistant was there to give me one 900. milligram pill of ibuprofen. C.O. Garcia, defendant #4 was with her to open the shute. I asked <u>C.O. Garcia why they were not giving me pain medication (Tylonal 500mg) as the doctor perscribed</u> she said "we only pass out medication twice a day it's policy." The Medical Assistant and C.O. Garcia acted on their own personal capacity causing me further pain.
They are punishing me under the protation of "La Salle policey" for having my mom call up to the jail and demand that I be taken to the hospital. There is no phone in segregation for me to call my mom, It is not the job of <u>any</u> employee of La salle to punish, The State of Texas is responsable for punishment upon being convicted. I am still a detainee.

V cont

## Statement of Claim (cont)

13.) Jay Eason (Director of La Salle opentions)[16] defendant #7 has direct control over the staff employed at the Parker County Jail. Detainees have died under the care of his staff. 1year 3months and 17days (Dec. 24th 2016) ~~Andy~~ before my injury Andy Debusk died under the care of his medical staff, and jail Gaurds. One major Factor that contributed to his death was the lack of medical care provided by La Salle. The second major Factor was the lack of training by the Gaurds. More specifically a 96 hour Instruction corse on how to handle volitike prisoners.

The same Medical staff that watched Andy dying, watched me in pain crying like a baby for pain medication the doctor prescribed me.

In 2018 LaSalle - run jails were found out of compliance with Texas jail standards at least 4times.

Jay Eason acted in his personal capacity for failing to act in his official capacity. He is being sued in his personal capacity.

In 2018 he had plenty of time to clean up the mistakes made with Andy but chose not too.

To make it clear, he did not show up for work and Fulfill the duties La Salle South west Corections intended for him to do in his position. Failure to act when there is a duty to do so, in reckless disregard of another's right coupled with the knowledge that injury will probably result. That has been Mr Eason's position at La Salle.

---

## FOOT NOTES:

16 Boswell v. Sherburn County, 849 F. 2d 1117, 1123 (10th Cir. 1988) (chief jailer and sheriff could be held liable based on evidence that "inadequately trained jailers were directed to use their own judgment about the seriousness of prisoners' medical needs" and that medical care was restricted in order to save money.)

V. (cont)                     Statement of Claim (cont)

14.) I believe I was moved from segregation on Tuesday ~~3/18~~ 3/13/18. On or about 3/13/18 I was taken into the Warden's office to speak with the John Doe #3 (warden) Defendant #8. The warden wanted me to sign a report on what happened. He wanted me to agree with John Doe #1 (defendant #5)'s written statement. She had lied about exactly where she was, and when. I signed the papers to be moved out of segregation without a wheel chair, or crutches.

After the papers ~~were~~ were signed The Warden moved me back to E- a Cell where I had broken my feet. Chad Curski[18] was there to help me back and forth to the toilet. The warden became defendant #8 for knowingly placing me in a cell with no seat in the shower[19] or rails on the side of the toilet. He showed diliberate indifferance ~~#~~ to my medical needs and disability.[20]

The warden made me go for 82 days without being able to wash the lower part of my body properly.

On may 31st 2018 at the Gurney Unit of TDC I was able to sit in the shower and wash the lower part of my body. On may 31st 2018 I nolonger had to take my crutches and place one end of the crutch at the base of the toilet and lean the other end (with shoulder pad) against the wall at a 45° angle to use them to pull myself off the toilet.



wall → [diagram] ← Toilet
crutch

17 The Warden was a big man 6'5- 270 lbs uper 50s in age
18 Witness #1 Chad Curish is in TDC. He is 6' 200lbs 45 years or so
19 Bradly V. Puckett, 157 F.3d 1022, 1025-26 (5th Cir 1998) (Two month denial of shower chair to prisoner with leg brace stated an Eighth Amendment claim)
20 Frost V. Agnos 152, F.3d 1124, 1129 (9th Cir 1998)(failure to provide safe and accessible shower facilities to a prisoner with leg in a long cast stated an Eighth Amendment claim)

Page 17 of 39

V.(cont)                    Statement of Claim (cont)

15.) From 3/13/18 to 3/25/18 (the day I took a shower) was 14 days of the same punishment. I am still in E-9 cell. I took one shower with the help of Chad Cursh, I fell in the shower to my knees. The pain was unbelievable. Trying to catch myself with a foot that was broken was the most painful thing I experienced since I broke my foot. My foot had no protection because I could not wear the splint in the shower. I had to take the splint off to shower.

I had planned this shower around the one ibuprofen pill I was given at night. On 3/25/18 it had been two weeks with no shower. Chad Cursh (witness #1) came to help me off the shower floor. If you take crutches in a shower, even with the rubber pieces on the bottom they slide around as if you are on ice. I know because later I would be forced to walk on 2" of ice with crutches. Once you fall and feel that pain, fear of the next fall haunts your every step.

Is the floor in the bathroom wet? Where is the extra towel I will use to wipe the floor? Is Chad Cursh awake right now to help me? Will I make him upset asking for help? I just went and peed 45 minutes ago; now I need to have a bow movement; Can I make it to the toilet without falling? Those thoughts stayed on my mind day and night. I was consumed with the fear of falling.

16.) On 3/27/18 I am once again physically loaded in a transport van by John Doe #4 [21] and John doe #5 [22] now defendants 9 and 10 respectively. My foot is back to the size of a nerf football. I still could not find a way to climb two steps to get into the van. Even with crutches the steps were only 18" wide. Not wide enough to use crutches. At the doctor's office I am again, physically unloaded. The fear of falling is the only thought in my mind. John Doe #4 and John Doe #5 acted in their own capacity causing me pain and further injury by placing me in La Salle's transport van.

Foot Notes:

21 John Doe #4 was a white male transport officer. He is the only Employee of La Salle's that looked like he was from the 80's. Black Hair Big Mustash. Mid 20's 6' tall 180 lbs.

22 John Doe #5 was in a white shirt a few days before and now she was back in a black shirt. Mid 20's, long brown hair, 5'9" 140 lbs, had children

Vcont.

# Statement of Claim (cont.)

17.) On 3/27/18 at the specialliests office he has x-rays taken of my foot. He had me remove the rapping around my foot (2 ace bandages), along with the splint. He notes the size of my foot. He looks at me and says, "has the swelling gone down"? I said, "It has gone back to the size it was when I went to the emergency room" (went football). He touched the bottom of my foot and asked me "can you feel this?" I said "No my foot is numb." He said, "I it tingling?" I said "yes". He told me he would order a Ct Scan.[23] He told me "you will need an operation to prevent "spreading of the heel," or "prevent one leg from being shorter than the other,"[24] He said I will have La Salle schedule you author appointment with me. I asked him to give me a copy of the perscription. He looked puzzled. I asked him to please give me a copy of what he provided La Salle with.

He did. His perscription spelled out that he needed me to have a Ct-scan and author appointment set. He also made it clear on the perscription that I was to have 900 milligrams of Ibuprofen twice a day and 500 milligrams of tylonol 3 times per day. It was very clear.

---

## Foot Notes:

23 "If plain x-rays do not show a fracture that is strongly suspected or if a more precise detail is needed to guid treatment, MRI or Ct is done. Some experts recommend imaging the joints proximal and distal to the fracture."
(Merck Manual eighteenth Edition p. 2561)

24 "Surgical treatment may consist of fixation of fracture fragments using hardware (open reduction and internal fixation, or ORIF). In general, ORIF is indicated when an intra-articular fracture is displaced (to precisely align the joint cartilage)." "Because ORIF provides early structural stability which facilitates mobilization, ORIF is also indicated when prolonged immobility, which is required for callus formation, and remodeling is undesirable." "Fractures whether they require reduction, surgery or neither, are typically immobilized as are the proximal and distal joints."
(The merck Manual Eighteenth Edition p. 2561)     page 19 of 39

11 of 16

X cont.                          Statement of Claim (cont)

18.) John Doe # 4[21] (defendant #9) and John Doe # 5[22] (defendant #10) acted in their personal capacity Loading me physically in the transport van and hurting me. They heard every word the specialist said, but show their indifference by putting me in the van. They showed reckless indifference to the orders of the doctor to "keep my weight off that foot."

19.) I am unloaded like a old piece of Furniture with a broke leg. Further damage to the furniture is nolonger important.

Physically being removed from a van then having to walk on crutches aproximatly 300 foot will suck the life off of me.

Back at Parker County jail, I am once again placed in E-9 cell after the 2nd Doctor confirmed my disability. The floors remain like polished glass. The shower is still without a seat. Chad Cursh is getting tired of helping. He is wore out. Parker County[25] job is to oversee the jail is run properly by La Salle. This Court will find that Parker County Defendant # 1 is not amune from Damages under the 11th Amendment, with Constitutional and Federal disability statutes violations under Article II.

20.) On 4/17/18 I am once again physically loaded in a transport van not equipped to transport a person with my disability. John Doe # 6[26] (Defendant #11) and John Doe # 7[27] (Defendant #12) took us to the Court house in weatherford in the freezing rain (sleet) They unload us (2 vans full of inmates) on the North side of the Court house under cover of the building structure The ground was wet. I went before the judge, The Honorable Craig Towson of the 43rd District Court. I was ready for the pain and torture of the Parker County Jail to be over. TDCJ would give me my perscribed medication for pain. (cont next page)

Foot notes:

25  U.S. V. Georgia 546 U.S. 151, 159 126 S. Ct 877 (2006) ("[I]n sofar as title II creates a privat cause of action for damages against the state for conduct that actually vilates the Fourteeth Amendment Title II validly abrogates states sovereign immunity.")

26  Blond hair 45 year old female 5'6" 145lbs with tatoo inside her mouth tounge

27  Male transport officer middle 50s Red hair glasses 5'8" 160 lbs.

12.08.16

V. cont.                    Statment of Claim (cont.)

20. cont.) TDCJ would have seats in their showers, and rails beside their toilets. TDCJ would have the medical care I needed provided me by UTWB.

I told my Attorney to please speak to the O.A. and get me out of parker county jail. I signed and plead Guilty to 10 years TDCJ for my 4th DWI. I would have waited to have a jury convict me, and sentance me, but my Attorney said I would spend anthor year in Parker County Jail waiting for a trail. The torture was more than I was able to handle for anthor year. A jury never would have given me 10 years. Pain will cause someone to do things they would not do if they were not in pain. IF Parker County / La Salle/ medical staff would have given me the pain medication perscribed to me, if they would have given me the medical attention the doctors ordered, and if they would have provided me with a cell that met the needs of my disability, I would have waited 1 year for trial. There is no question of Guilt. I was guilty. The jury would have been the ones to punish me. I would not have recieved 10 years for my 4th DWI with no injury to others and no accident involved. The O.A. knew my pain he could see it in my eyes.

21. ) At or about 10:00am on 4/17/18 I changed from a detainee who was being punished to a prisoner being subject to cruel and unusual punishment. [28] The Constitutional violations still continued now they have become Eighth Amendment violations. After court was over for all the Inmates John Doe # 6 [26] (defendant # 11) and John Doe # 7 (Defendant # 12) walked us out into the hallway; the lights went out in the Court house (due to the Ice storm) It was still light enough to see the 2" of ICE on the side walk outside. (cont. on next page)

Foot Notes:
28 Estelle v. Gamble 50 LED 2d 251, 429 U.S. 97 ("denial of medical care is surely not part of the punishment which civilized nations may impose for a crime")

V.                          Statement of Claim (cont)

21, 20 (cont.) The Honorable Judge Craig Tawson Just ORDERED
"The Court ORDERS the authorized agent of this state of
Texas, or the Sheriff of this County to take safely
convey, and deliver Defendant to the Director, Institutional
Division, TDCJ."
Defendant #3 Larry Fowler, Sheriff of Parker County
Acted in his own capacity by not following a Court ORDER.
Defendant #3 failed to act in his official capacity by
contracting the transportation of prisoners with disabilities
to La Salle south west Corrections. This company does
not have the equipment to transport prisoners with
disabilities.
    The Honorable Judge Craig Tawson came from his Courtroom
into the hallway were inmates were lined up and chained
together. He walked to look out the glass door at the 2 inches
of ICE on the walkway to the transport van. Instead of the
van picking us up where they dropped us off, (under cover
of the building on the North Side) They park on the west
side of the Court house where we must walk over about
75 LF of ICED over sidewalk. Judge Tawson turned
to the glass door than walked back towards me
shaking his head.
    The glass door was open and we were forced to walk over
the ICE to the Transport van. It was imposable to hold the
Crutches from slipping. They would slip and my broke foot
would hit the ground with my full weight on it. 38 days after
my fibula (Rt leg) was broke I am forced to catch myself
from falling with my broken Foot rapped in an ace bandage.
I had no choice. The pain was un Godly. This is "Continuing
Injury." upon my arrival at TDCJ my foot was still broken.
My foot never had time to heal without it being broken
again. 29

─────────────────────────────────

                    Foot Notes:
29 "However remodeling can be disrupted and refracture can
    occur if application of force or joint motion occurs
    prematurely."
        (The Merck Manual Eighteeth Edition p. 2559)
                    Page 22 of 39

V. cont                    Statement of Claim (cont)

22.) On 4/17/18 I return to E-9 cell with the same pain I
felt the day of my first injury on 3/10/18. I continue writing in hopes
that I may somehow convey on paper the depth of my pain.
There has not been one single day that has passed that it was
not required for me to put weight on my foot, Just as my foot
swelling would go down, I would be forced to do something
crazy like walk on Ice with crutches,
     The fracture never had a chance to heal properly, The pain
I felt was only made worse by the medical Department.
I showed Ms Coffee [30] (medical Assistant Defendant #17) [30]
John Doe Coffee a copy of the perscription the specialist
gave me. I pointed out that 500 mg of tylenol was perscribed
3 times per day. John Doe Coffee told me "we only pass out
medication twice a day." She asked me where I got the
perscription sheet? I told her the doctor gave it to me,
     John Doe Coffee defendant #17 acted in her own capacity
refusing to follow the pain medication perscribed to me by the
doctor.

23.) I sent a medical request form to medical and asked
them "when was I going to return to the specialist for
a follow up visit and to get the ct scan he ordered"?
I recieved an answer that my appointment was pending and
they could nt tell me an Exact date for security reasons.
(This request was sent in April)

24.) I was moved sometime in late April or early May of 2018
to G5 cell, (I believe) The cell was not equipped with a seat
in the shower or rails to help me up from the toilet,
25.) On 5/23/18, 37 days after I re-injured my foot being
forced to walk on ICE, My crutches are taken away from
me when La Salle transferred me to Jack County Jail.
Jack County is responsable for re-injury to my foot.
The Jack County sheriff's Department allowed my crutches
to be taken away from me without me seeing a doctor.

Foot notes:
30.) John Doe Coffee worked for the Medical dept. Her last name
is Coffee.              page 23 of 39

156FIG

V. cont                    Statement of Claim (cont.)

25.cont) when did my foot have time to heal for 8 weeks
without any wieght being placed, or me falling having to put my
full wieght on my Rt foot? 38 days from the original break to
walking on ICE rebreaking it. Now 37 days from the re-broke on
ICE to the re-broke in Jack county Jail when my Crutchs were
taken away from me.

Upon my arrival at Jack County Jail, once again in (5th time)
a transport vaw that was not equipped to transport a person with
my disability.

John Doe, Robinson[31] (defendant #14) who was the pasenger
transport officer and John Doe #8 (defendant #15)[32] acted
in their own capacity hurting me, loading me in the transport van.

26.) The Sheriff of Jack County, Tom Spurlock, (defendant #15)
acted in his personal capacity for failing to do his official
Job of traing training those under him. He also acted in
his personal capacity by not folling the Court order of the 43RD
District Court that stated "The Court ORDERS the authorized
agent of the State of Texas or the Sheriff of this County to
take Safely Convey, and deliver Defendant to the Director,
Institutional Division, TDCJ." This ORDER was signed by
the Honorable Craig Towson on 4/17/18. Tom Spurlock did not obey
this ORDER.

27.) Upon the Intake process at Jack County Jail John
Doe Robinson[31] used his cell to contact the Medical
department at the parker County Jail. He speaks to the Medical
Assistant, and she tells him, I do not need my crutchs
anymore. John Doe, Robinson[31] acted in his own capacity by
taking the crutchs away from me. This was done without
any doctor looking at me.

Foot notes:
31 John Doe Robinson was the pasenger transport officer.
   6'1" 260 lbs. I believe he at one time was employed
   by the Jack County Sheriffs Department. On the date
   he took my Crutchs he was employed by La Salle.
32 I do not know his nationality, Dark skin (Brown) Black hair
   6'4" 250 lbs. He wore a white shirt, He had a mustash.

V(cont)

## Statement of Claim (cont)

28.) John Doe #9 [33] (Defendant #16) "Corporal of Jack County Jail" Knowingly saw my disability and seeing my foot swollen to the size of a wett football let John Doe Robinson take my crutchs from me.

The Corporal was the high ranking sheriff with th Authority to contact an ambulance and have me taken to the emergency room to be cared for. He knowing the condition of my foot (through his eye sight) could see there was a medical problem with it.

- The Corporal had me placed in a cell with no seat in the shower [34].
- The corporal had me placed in a cell with no rails along side the toilet to help me get up.
- The Corporal is being sued in his personal capacity for my foot being fractured again in his jail.

When I arrived at TDC on May 31st 2018 the x-ray revealed my foot (fibula) was broken and they issued me a new set of crutchs along with a foot brace to imobolize my foot.

29.) On May 30th 2018 John Doe Robinson (Defendant 14) and John Doe #8 (Defendant #15) picked me up from Jack County Jail. I was forced to walk with no crutchs to the transport van 1002.f. Defendant 14 and 15 acted in their personal capacity by loading me in the transport causing pain and injury.

30.) On May 31st 2018 John Doe Robinson and John Doe #8 caused me pain and injury loading me in the transport van and taking me to Denton County to be picked up by TDCJ Transport.

---

Foot Notes:

33 man in his uper 30's, white 6'2" 270lbs The only Corporal on duty at the Jail on 5/23/18 (defendant #16)

34 Becher v. Oregon, 170 F. Supp.2d 1061, 1068-69 (D.Or 2001) (allegations of placement in disciplinary unit lacking handicap-accessible shower stated ADA claim)

V. cont.                    Statement of Claim (cont)

31.) On May 31st I was dropped off at Denton County Jail with NO Intake process. Denton county Jail did not check my medical condition upon arriving. My foot was rapped in a ace bandage so the staff of Denton County Sheriffs department could clearly see I was injured. I hopped around so it was clear my foot was hurt. Denton county did Not provide me with any medical attention.

32.) The TDCJ transport bus arrived and I was chained to another Inmate. To get into the bus I had to climb 3 steps and walk putting my weight on my rt heel. Once seated I cried praying the pain would just end. Once I arrived at TDCJ I had to go down those same three steps to exit the bus. Once inside intake the TDCJ nurse took one look at me and they allowed me to sit on the floor. The nurse asked me what happened to my foot and I explained to her it had been Injured over and over again in the Custody of Parker, Jack, and Denton County.

She asked me why Parker County did not send any medical records with me to TDCJ. I told her I didn't know. (I am sure the reason the records were not sent is because the directions of the specialist were not followed by Parker County, La salle medical.)

I was seen by Doctor O'conor who ordered X-rays of my foot and prescribed me Crutchs, Ibuprophen 900mg along with Tylanol provided by the Gaurds at the cell.

Please see Exibit "B". This is a Copy of the Radiologist's Report. Please see the section IMPRESSION: "Subacute calcaneus fracture."

My foot had been broken and re-broken many times.

IF THE PROPER MEDICAL HELP was provided my foot would have healed in 11 weeks and 5 days. Now I have a permanent disability that affects my ability To walk.

VI (cont)                    RELIEF (cont)
A (cont)

John Kennemer, violated the plaintiff's right under the Fourteeth Amendment to the United States Constitution and in causing him pain violated the plaintiff's right under the Due Process Clause. More specifically denying his right to be sentenced by a jury.

2. Defendant's actions in failing to provide adequate medical care for the plaintiff to violate, and continued to violate the plaintiff's rights under the fourteenth Amendment as a detainee and under the Eighth Amendment as a prisoner, to the United States Constitution.

3. The actions of the defendants caused a continuing injury to his right heel. It caused continued re-braking of his Fibula bone.

4. Defendants discriminated against the plaintiff's disabilities.

B Issue an injunction ordering the defendants Parker County, Jack County and La Salle Corrections or their agents to:

1. Immediately arrange for the plaintiff to be seen by the specialiest that La Salle took him to see on 3/27/18.

2 Immediately arrange for the specialiest to be paid for any operation he deems necessary.

3. Immediately arrange for the plaintiff's need for Physical therapy or other follow-up medical treatment to be evaluated by a medical practioner with expertise in the treatment and restoration and function of broken ankles; and

4 Carry out without delay the treatment directed by such medical practitioner.

C Issue an injunction ordering defendants Parker County and Jack County to:

1. The bathroom floors in both jails will be painted with a slip proof finish. This will include all walkways.

2. The E-9 cell and 6-5 cell of Parker County will be remodeled to be equipped for wheelchairs in the cells and seats in the showers.

3 The cell that the plaintiff was in, in Jack County will be remodeled to be equipped for wheelchairs in the cell and seats in the shower.

VI cont.                          RELIEF (cont)

4. The Staff of Parker County and Jack County will complete 100 hours of "in seat" medical training to detect signs of injury.

D  Award compensatory damages jointly and severally against:

1. Defendants John Doe Garcia for the physical and emotional injuries sustained as as a result of the plaintiffs' doctors orders being not followed. The taking of the Plaintiffs crutchs and denial of pain medication.

2. Defendants John Doe #2, #4, #5, #6, #7, #8 for the physical and emotional injuries sustained as a result of the Plaintiff being physically loaded in the transport van.

3. Defendants John Doe Robinson and John Doe Coperal for the physical and emotional injuries sustained as a result of the Plaintiffs crutchs being taking from him and the re-braking of the fibula bone (Right heel).

4. Defendants La Salle, John Doe Vearden, for the physical and emotional injuries sustained as a result of the plaintiff being placed in a cell that did not provide the proper seat in the shaver, rails by the toilet. This was the cause of my fall in the shaver.

5. All Defendants for the physical and emotional injury resulting from their failure to provide adequate medical care of the plaintiff.

6. Defendants Parker County and La Salle Corrections for the punishment and emotional injury resulting from their denial of due process in connection with the plaintiffs Court proceeding in the 43rd District Court of Texas. The torture inflicted by the lack of medical care, denied my right to be sentanced by a jury.

E. Award punitive damages against Parker County for the County Jail discriminating against my disabilities by the slick floors, no seats in shavers, and no rails by the toilet.

F. Grant such other relief as it may appear that plaintiff is entitled

G  All court Cost, Attorney fees, and expences incurred in this Action

C. Has any court ever warned or notified you that sanctions could be imposed? _____ YES _X_ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____

   2. Case number: _____

   3. Approximate date warning was issued: _____

Executed on: _1-17-20_
      DATE

John David Kennemer
_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

   1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

   2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

   3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

   4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

   5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _seventeenth_ day of _January_, 20_20_.
      (Day)           (month)         (year)

John David Kennemer Pro Se
_____
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

Exibit A-1

## Exhaustion of Remidies

My Institution (TDCJ) does not allow for a grievance to be filed on the county you were transfered from. The Step 1 & 2 Grievance of TDCJ only applys to Units of TDCJ.
- On May 23rd 1 I was transfered from Parker County to Jack County.
- On May 30th 2018 I was transfered from Jack County back to Parker County Jail.
- On May 31st 2018 I was transfered to TDCJ.
- From May 31st 2018 to December 17, 2018 I was on a transfer Unit of TDCJ with no access to the Law Library.
- From December 18th 2018 to November, 2019, I was at the Darington Unit Trustee Camp with no access to the Law Library.
* Upon my arrival to the Ramsey Unit Trustee Camp I was allowed indirect access to the Law Library (Nov of 2019)
- The Law library provided me with the address for LaSalle Southwest Corrections, Parker County Sheriffs Department, and Jack County Sheriff's department.
- On 12/11/19 I wrote a letter to La Salle Corrections requesting any grievance process I may follow. I sent a self-stamped, self-addressed envelope with the letter. I have had no response to date. (a copy of the letter is attached to this complaint.)
- On 12/12/19 I sent the same letter to the Parker County Sheriff Larry Fowler. I sent the same self-addressed envelope.
- On 12/18/19 I sent the same letter to Tom Spurlock (sheriff of Jack County). I also sent him an envelope self addressed. I have not had any response to date from my request for the grievance proceedure for a prisoner in Transfere.
* I CLAIM EXHAUSTION OF REMIDIES: Let the defendants not waste this Courts times with motions of dismiss based on failure to Exhaust remedies unless they can prove their policy provides for post-transfer grievances.[2] Let them also show cause why they did not answer my request for it.

___

Foot Notes

1. Davis v. Kirk, 2007 WL 4353798 *7 (S.D. Tex.; Dec 11, 2007) (holding prisoners grievance appeal was moot on transfer)
2. Goldwater v. Arpaio 2007 WL 1577891 * (D. Ariz., May 31st 2007) (declining to dismiss for non-exhaustion where prisoner was transfered and grievance policy did not provide for post-transfer grievance)   Page 30 of 39

To: Jay Eason
La Salle Southwest Corrections
26228 Ranch Road 12
Dripping Springs Texas
78620

12/11/19

I am reaching out to you in hopes of settling some issues that arose in the Parker County Jail. My name is John Kennemer TDC#2197180. I broke my heal on the 11th Day of March 2018 in Parker County Jail. I was taken to the hospital in Weatherford on 3/11/18. X-rays were taken and the Doctor said I needed to be in the care of a specialist. On 3/27/18 I was taken to Mineral Wells. The specialist took more x-rays and said I needed a CT-scan. I sent a request form to Medical and asked why I haven't seen the specialist again. This was in April. I was told That I had an appointment scheduled but for security reasons they could not tell me when.

During this time I was kept in E-9 cell with no ADA shower or toilet. I was not able to sit in the shower. I Leaned against the wall with one arm and under the right arm I had a crutch. The floor was slippery and I only fell once. The men in E-9 picked me off the floor. I could not wash the lower part of my body from 3/11/18 until TDC picked me up on 5/31/18. For 82 days I was unable to shower properly.

For this entire time I was not just in Cell E-9. They moved me to 6 Tank. Those cells were not equipped with hand rails at the toilet or seats in the shower. I would lay in my bunk needing to go to the bathroom in the middle of the night but couldn't because nobody was awake to help me off the toilet when I sat down. The staff was fully aware of my handicapped condition and continued to keep me in cells that were not equipped to house someone in my condition.

( Page 1 of 5 La Salle Jay Eason )

Exibit A-3

The fear of slipping in the shower and falling again haunted my thoughts. There was no wheel chair in the cell, One drop of water on the concrete floor would cause the crutch to slip on the Floor.

Upon my transfer to Jack County Jail, on or about the 23ʳᵈ of May 2018, my Crutches were taken away from me by the transport officer. He said "I spoke to medical and they said you do not need them anymore."

Keep in mind I haven't seen or talked to a doctor since 3/27/18 and it is now 5/23/18. Now I was not only locked in a cell that did not have a seat in the shower or rails at the toilet, My crutches were taken.

Now I had to hop on one foot to the shower and the toilet. My movement was limitted to were I could hop.

Upon my arrival (5/31/18) at TDCJ my foot was x-rayed and I was told it was still broke and they gave me a new set of crutches. This did not stop the pain of having to walk chained to another inmate. To climb the steps in the TDC Bus. The pain of being forced to walk into "intake" at the gurney Court of TDC. My Medical File From Parker County was not sent to TDC with me. 90% of the pain could have been avoided by the medical department taking me in for more x-rays and a CT-Scan as ordered by the specialist.

- It is 12/11/19 and I still feel pain in my foot every time I take a step. TDCJ Just x-rayed my foot on 12/9/19 again.

( ~~Page 2 of 5~~ 2 La Salle Jay Eason)

Page 3~~2~~ of 39

When I saw the specialist on 3-27-18, he made it clear that I would need a operation to restore my foot, and my ability to walk without a limp and pain free.

I was unable to exhaust any remidies La Salle may offer through a grievance proccess because I was transfered to TDCJ. Do you have a proccess I can go through from TDCJ to exhaust my remidies with La Salle South west Corrections? If you do, I have provided a self-addressed stamped envelope for you to send a copy of the procedure to me. If you do not have a proccedure you can send me I will state the rlef I seek in this letter.

If you do not respond to this letter I will assume all remidies have been exhausted.

<u>Relief Requested</u>

- I need you to change policy at the Parker County Jail concerning disabled inmates
- You will provide them with the ability to shaver seated.
- You will provide them with a slip proof finish on the concrete floors. (Hint paint the floor with epoxy mixed with sand)
- You will provide hand rails that comply with ADA standards.
- Train your staff in medical to not advise transport officers that "someone does not need clutches over the phone."
- Train your medical staff to follow the orders given to them by specialest.
- Train the staff to forward medical files of the inmates whether they belive they are "healed" from

( ~~Page 3 of 3~~ La Salle Jay Eason )

Theis problem or not, (fracture)
- Provide wheel chairs in cells.
# This is some of the relief Sought for Parker
County Jail.
" upon my release I will go back to the doctor La salle
took me to in Mineral wells Texas and ask him to treat me
at the expence of La Salle Southwest Corrections.
" He will be allowed by La Salle to treat me,
operate on me and perscribe rehabilitation for me.
- All cost in medical expence pertaining to my foot
will be paid by La Salle Southwest Corrections.
- I am seeking monetary Damages for the pain and
suffering I have endured in Your Jail and in prison. 90k
without any Attorney Fees to date,
" I am seeking to be paid at the rate of 8k per month
~~seeking Damages for the pain and suffering I have endured~~
~~in your Jail~~
durring my time of recovery and rehabilitation under the
care of the Doctor in mineral wells. You need to plan 6 to
9 months for rehabilitation.

                    Time is of the Essence
If you would like to proceed with any Grievance
process, send it to me. I will be happy to meet with
a representative of La Salle. I am on a Trustee camp
and I can recieve visits from anyone (ask warden of Ramsey)
( Page 4 of 5 La Salle Jay Eason )

## Time is of the Essence (cont.)

IF I do not hear from La Salle within 30 days from the date of this letter I will assume all grievance procedures afforded to a Transfered Inmate have been Exhausted.

## Certificate of service

I certify That a Copy of This letter was mailed to Jay Eason, La Salle, at 26238 Ranch Road 12, Dripping Springs Texas 78620 on 12/11/19.

I certify That a Copy of this letter was mailed to Larry Fowler, Parker County sheriffs Dept. on 12/12/19

I certify That a Copy of This letter was mailed to the Jack County Sheriffs Depart ment on 12/18/19

I certify That a True and correct copy of This was sent To Tom Spurlock 1432 FM 3344 Jacksboro Tx 76458-3126 on 12/18/19.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is True and correct.

J. D. Kennemer H Se

John David Kennemer
TDC # 2197180
Ramsey Unit TDCJ
1100 FM 655
Rosharon Tx 77583
(Letter Jay Eason La salle)

~~Page 505~~

~~Page 3533~~ page 35 of 39

Parker County Sheriffs Office

TO: Sheriff Larry Fowler
125 Hodge st
Weatherford Texas
76086

12/11/19

I have enclosed a copy of the letter that was sent to Jay Eason, Director of operations for La Salle Southwest Corrections.

This letter concerns your jails failure to provide showers and Toilets that a handicapped person can use.

This also concerns the indifferance to an inmates handicapped condition by The correctional company you have a contract with to provide "Safe keeping" for prisoners.

If you have a grievance procedure that the Parker County Sheriff's dept. would like me to follow or exhaust; please enclose the procedure in the self-addressed envelope I have provided.

If you do not contact me within 30 days from the date of this letter, I will assume I have exhausted all administrative remedies afforeded a Transfered prisoner.

The Reif requested will apply to the Sheriff's dept. also.

Thank you
John Kennemer
TDC# 219 7180
Ramsey Unit
1100 FM 655
Rosharon Tx 77583

I certify that a copy of this letter and the letter to Jay Eason, Director of operations for LaSalle, was mailed wia United States mail on 12/11/19 to Larry Fowler. Sheriff of Parker County Texas.

John Kennemer Pro Se
TDC # 2197180

page 36 of 39

Exibit A-8

To: Sheriff
   Tom Spurlock
   1432 FM 3344
   Jacksboro, Texas 76458-3126

12/18/19

Mr. Spurlock, I have enclosed a self-addressed envelope along with a letter I wrote to La Salle Southwest Corrections. I would like you to send me any Grievance procedure you may have for a prisoner in transit.

On May 23rd 2018 I was brought to your Jail. My crutches were taken away from me after my arrival. Your Corporal on duty that day had full knowledge that my foot was broken in need of medical attention. I am stating that "Continuous injury" or damage (Further breakage) occurred to my foot. This has caused permanent injury that has not healed.

On 5/31/18 I arrived at TDCJ's Gurney Clovt in which x-rays show my foot broken.

On March 10th 2018 I became a "qualified individual with a disability". I was forced housing in a cell that was not equipped for a person that could not walk. The shower had no seat. I could not take a proper shower. The toilet had no hand rails to help me up or down. I intend to pursue Jack County, The Corporal and you as Sheriff. You are the responsable supervisor for your Jail.

My rights (Eigth Amendment) were violated. Your Jail and staff subjected me to Cruel and Unusual Punishment by taking my crutchs from me knowing my foot was broken. I was forced to put wieght on a foot that the doctor instructed me not to.

                 Relief Requested
- Jack County will be responsable jointly with La Salle South west Corrections, and Parker for the medical cost to repair my injury.
- Jack County will bring the cell I was in up to ADA standards for use by future prisoners. I do not care if you have another cell ADA ready. I want the one I was in, brought up to standards
- Jack County will train the staff of the jail, of the needs of disabled prisoners. (40 hours in seet Training)

(R letter to Tom spurlock)

Relief Requested (cont)

- Jack County will never take Crutches from an inmate who needs them to get to the bathroom.
  If someone says "I can't walk" Jack County will provide Crutches.
- Jack County will pay me 40,000.00 for injury, pain, and suffering caused by Jack County.

If things are not worked out within 30 days from the date of this letter, This deal will no longer apply. I will walk this through all the Courts.

Pursuant to 28 U.S.C. S 1746, I declare under penalty of perjury that the foregoing is true and correct.

TDC# 2197180
John Kennamer Pro Se
Ramsey Unit TDCJ

page 38 ~~36~~ of 39

(Letter To Tom Spurlock)

```
Patient Name  : KENNEMER, JOHN D
Patient Id    : 2197180
Patient Phone :
Date of Birth : 06/16/1974
SS#           : --      Sex   : Male
```

```
Ordering
Physician     : O'CONNOR, GALINDA
Facility      : GURNEY (ND)
                FM 3328
                TENN. COLONY  TX  75861
```

| Test Name | Result | ABN Flag | Unit | Reference Range | LAB ID |
|-----------|--------|----------|------|-----------------|--------|

```
Accession: R25967          Requisition: 144842795
Reported: 06/18/18 09:50   Request Date: 06/18/18
```

Procedure: XR FOOT 3+ VW RIGHT

NARRATIVE
    EXAM:

    XR FOOT 3+ VW RIGHT

    HISTORY:

    RT HEEL PAIN; HX OF FX

    COMPARISON:

    None.

    FINDINGS:

    Soft tissue swelling is present about the foot. Osteopenia is noted. A
    fracture of the calcaneal body is seen with possible intra-articular
    extension. Mild collapse of the calcaneus is demonstrated. Mild
    osteoarthritic changes affect first MTP joint. Dorsal mid foot
    osteophytosis is present.

IMPRESSION
    IMPRESSION:

    Subacute calcaneus fracture.

    Osteoarthrosis.

---

L Low, LL Panic Low, H High, HH Panic High, A Abnormal, AA Panic

TO: UNITED STATES DISTRICT Clerks office
U.S. Court house 501 W 10TH street Room 310
Fort Worth Texas. 76102-3673

CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
RECEIVED
2020 JAN 22 PM 1:57
DEPUTY CLERK _____ PS

mr Rebeck                                          1-17-20

I have enclosed 3 Prisoner's Civil Rights Complants.

The one with The green paper clip is The Judges copy.
(Less cross outs/best copy)

Please Keep two copies (Judges and Courts) The
Third copy stamp it filed and please enclose it
in The self addressed envelope I have provided.

The envelope is being mailed to my mother's house.
I have seen parole and I may be in transit For
some time.
I will let the court Know of any Address change.
As For today I am at The Ramsey Unit.
I do not want my copy of the complaint lost
In the mail so I am having it sent to my mom.

You can send Any comunication you have For
me in The same Envelope if you like. I will
get it From her.

Do to The TDCJ Policy
The Application to proceed Forma
Pauperis is in a seperate Envelope
Sent to you First class mail.

Thank you
John Kannemer
TDC# 219 7180
Ramsey Unit.

John DAVID Fawchen
72024 247180
Ramsey Unit
1100 FM 655
Rosharon TX
77583

John DAVID Fawcher V. Bother County BAIL

First
Class

TO: Court Clerk
THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Fort Worth DIVISION
501 W 10th Street Room 310
FORT WORTH TEXAS 76102-3673

Legal
Mail

RECEIVED
JAN 22 2020
CLERK US DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FOREVER / USA