**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOHN DAVID KENNEMER** § | | |
| **TDCJ NO. 02197180,** § | | |
| *PLAINTIFF,* § | | |
| § | | |
| **V.** § | **CIVIL ACTION NO. 4:20-CV-056-P** | |
| § | | |
| **PARKER COUNTY, TEXAS, ET AL.** § | | |
| *DEFENDANTS.* § | | |

**JACK COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(C) AND MEMORANDUM IN SUPPORT**

Ekaterina G. Long
State Bar No. 24102700
email: ekaterina.long@squirepb.com
S. Cass Weiland
State Bar No. 21081300
email: cass.weiland@squirepb.com
SQUIRE PATTON BOGGS LLP
2000 McKinney Ave., Suite 1600
Dallas, Texas 75201
(214) 758-1500
(214) 758-1550 (fax)

*ATTORNEYS FOR JACK COUNTY, TEXAS*

# **TABLE OF CONTENTS**

**Pages**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ....................................................................................................... iii

OVERVIEW ...................................................................................................................................1

PROCEDURAL POSTURE ...........................................................................................................2

ARGUMENT & AUTHORITIES ..................................................................................................3

    A.  The Court should dismiss Kennemer's ADA claim against Jack County because Kennemer failed to exhaust his administrative remedies or prove their unavailability......3

    B.  Kennemer's ADA Complaint fails to state a claim against Jack County.............................6

        1.  Kennemer's allegations of disability-based discrimination under the ADA are meritless because they fail to indicate that Jack County intentionally treated him differently solely because of his disability........................................................................6

        2.  Kennemer's allegations of a failure-to-accommodate under the ADA fail because they are devoid of facts showing that he identified his disability and resulting limitations and asked for an accommodation in direct and specific terms ...................8

RELIEF REQUESTED .................................................................................................................11

CERTIFICATE OF SERVICE .....................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abreu v. Zale Corp.*,
  No. 3:12-cv-26220-D, 2013 U.S. Dist. LEXIS 67385 (N.D. Tex. May 13, 2013) (Fitzwater, J.) .................................................................................................... 6

*Borum v. Swisher Cnty.*,
  No. 2:14-cv-127-J, 2015 U.S. Dist. LEXIS 8628 (N.D. Tex. Jan 26, 2015) (Robinson, J.) ............................................................................................ 7, 8, 9, 10

*Davidson v. Tex. Dep't of Criminal Justice*,
  91 Fed. App'x 963 (5th Cir. 2004) ........................................................................ 7

*Duvall v. Dallas Cty.*,
  No. 3:05-cv-2431-B, 2006 U.S. Dist. LEXIS 87490 (N.D. Tex. Dec. 1, 2006) (Boyle, J.) ........................................................................................................... 4

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*,
  313 F.3d 305 (5th Cir. 2002) ................................................................................ 6

*Knighton v. Univ. of Tex. At Arlington*,
  No. 4:18-cv-00792-P, 2020 U.S. Dist. LEXIS 53355 (N.D. Tex. Mar. 27, 2020) (Pittman, J.) .......................................................................................... 8, 9, 10

*Monell v. Dep't of Social Servs.*,
  436 U.S. 658 (1978) ............................................................................................. 3

*Montgomery v. Barr*,
  507 F. Supp. 3d 711 (N.D. Tex. 2020) (Pittman, J.) ......................................... 4, 5

*Nottingham v. Richardson*,
  499 Fed. App'x (5th Cir. 2012) .................................................................. 3, 4, 5, 7

*Odem v. Odom*,
  No. 1:20-cv-00042-BU, 2022 U.S. Dist. LEXIS 150572 (N.D. Tex. Mar. 10, 2022) (Parker, J.) .................................................................................................. 6

*Payne v. Sutterfield*,
  No. 2:18-cv-084-Z-BR, 2021 U.S. Dist. LEXIS 139888 (N.D. Tex. July 27, 2021) (Kacsmaryk, J.) .......................................................................................... 8

*Pompey v. Cheney*,
  No. H-03-1543, 2006 U.S. Dist. LEXIS 106775 (S.D. Tex. Apr. 20, 2006) ............ 4

*Vess v. City of Dallas*,
   No. 3:21-cv-1764-D, 2022 U.S. Dist. LEXIS 111187 (N.D. Tex. June 23,
   2022) (Fitzwater, J.) ....................................................................................................... 6

**Statutes**

42 U.S.C. § 1983 ............................................................................................................................. 2

42 U.S.C. § 1997e(a) .................................................................................................................. 3, 4

Americans with Disabilities Act (ADA) ................................................................................ *passim*

Prison Litigation Reform Act .................................................................................................. 1, 3, 4

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 6

Fed. R. Civ. P. 12(c) ....................................................................................................................... 6

COMES NOW, Jack County, Texas ("Jack County") and moves this Court to dismiss Plaintiff John David Kennemer's ("Kennemer") claim for relief under the Americans with the Disabilities Act (ADA) for two reasons. *First*, Kennemer failed to establish that he exhausted administrative remedies or proved their unavailability at Jack County Jail before filing this lawsuit. *Second*, Kennemer's allegations—even when interpreted under a more lenient standard for *pro se* litigants—merely recite the elements of ADA claim without stating facts that would entitle him to relief.

## OVERVIEW

Kennemer filed this lawsuit *pro se* while he was incarcerated in Jack County Jail, among other correctional facilities. In his lawsuit, Kennemer asserted claims, among others, for ADA violations against Jack County and other defendants. Kennemer alleged that while at the Parker County Jail, he "broke my fibula bone (heel Rt Foot)" and kept re-injuring it during his detention and later incarceration in Jack County Jail because various defendants did not provide him adequate medical attention and failed to equip his cells and transferring vans with necessary accommodations to adjust for his disability.

Kennemer's lawsuit against Jack County is meritless for two reasons. First, at the time he was transferred to Jack County Jail, Kennemer already was a prisoner. As such, before filing his lawsuit, he should have sought to redress his grievances at Jack County Jail. Because Kennemer failed to do so, he failed to comply with the exhaustion of administrative process mandate of the Prison Litigation Reform Act (PLRA) and subjected his claims against Jack County to a dismissal.

Second, Kennemer's allegations that Jack County violated the ADA are conclusory and unsupported. They rest on Kennemer's alleged perceptions of his treatment as it related to his broken foot and the resulting limitations during his time in the Jail. Not once does Kennemer state

that Jack County Jail personnel knew or were aware of his alleged disability, the accompanying limitations, or the required accommodations. Neither does he allege that Jack County Jail personnel treated him any differently from any other prisoner because of his disability.

Accordingly, the Court should dismiss Kennemer's ADA claim against Jack County with prejudice.

**PROCEDURAL POSTURE**

Kennemer filed his original complaint against Jack County and other defendants on January 22, 2020. ECF No. 1. The Court issued an opinion and order of partial dismissal and final judgment on March 30, 2021. ECF Nos. 12 & 13.

In its opinion, order and final judgment, the Court dismissed Kennemer's claims for violation of his federal constitutional rights under 42 U.S.C. § 1983 against Parker County Sheriff Larry Fowler ("Fowler"), Jack County Sheriff Tom Spurlock ("Spurlock"), and LaSalle Director of Operations Jay Eason ("Eason). ECF No. 12, at 11-14; ECF No. 13. The Court similarly dismissed Kennemer's section 1983 claims against Fowler, Spurlock, and Eason acting in their official capacity and his claims for municipal liability against Parker County, Jack County, and La Salle Southwest Corrections. ECF No. 12, at 15-16; ECF No. 13. The Court further dismissed Kennemer's deliberate indifference claims under section 1983 against several correction officers and held that his injunctive relief claims were moot. ECF No. 12, at 21-22; ECF No. 13. The Court dismissed Kennemer's ADA claims against any defendant in an individual capacity. ECF No. 13.

The Court, however, permitted to issue summons to the remaining individual defendants on Kennemer's claims for a violation of section 1983 and to Parker County and Jack County on Kennemer's ADA claims. ECF No. 12, at 22.

On April 29, 2021, Kennemer filed an interlocutory notice of appeal of the final judgment

to the United States Court of Appeals for the Fifth Circuit. ECF No. 18. The next day, this Court issued an order staying the case pending interlocutory appeal and administratively closing case. ECF No. 22.

On August 8, 2022, the Fifth Circuit affirmed this Court's final judgment and remanded the case to consider the remaining claims. ECF Nos. 32 & 33. In its opinion, the Fifth Circuit agreed with this Court that Kennemer: (1) failed to properly allege municipal liability against Parker County, Jack County, and La Salle Southwest Corrections as required by *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); (2) did not show that the defendant supervisors of those municipalities and municipal entities had any personal involvement in the incidents of which Kennemer complained; (3) failed to adequately plead subjective deliberate indifference of the defendant officers who transported him between the facilities he was held at; and (4) improperly sued the individual defendants under the ADA. ECF No. 33, at 2-4. The Fifth Circuit also affirmed this Court's judgment that Kennemer's claims for injunctive relief were moot. *Id.* at 4.

A few days later, this Court lifted the stay and administratively reopened the case to consider the remaining claims. ECF No. 34.

## ARGUMENT & AUTHORITIES

**A.** ***The Court should dismiss Kennemer's ADA claim against Jack County because Kennemer failed to exhaust his administrative remedies or prove their unavailability.***

Under the PLRA, "'[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.' . . . This includes actions under . . . the ADA." 42 U.S.C. § 1997e(a); *Nottingham v. Richardson*, 499 Fed. App'x, 368, 373 (5th Cir. 2012) (citing 42 U.S.C. § 1997e(a)). This mandatory exhaustion prerequisite applies "even when the remedies available through administrative proceedings may not afford the complete relief or remedy sought."

3

*Montgomery v. Barr*, 507 F. Supp. 3d 711, 724 (N.D. Tex. 2020) (Pittman, J.). "'[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.'" *Id.* (citing *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016)).

"The PLRA only applies to 'prisoners' as that term is defined under the Act. The term 'prisoner' is defined by the PLRA as 'any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.' . . . The PLRA exhaustion requirement generally applies to a released prisoner who was confined when he filed his lawsuit. . . . However, the exhaustion requirement of 42 U.S.C. § 1997e(a) is inapplicable to suits brough by a person who is not incarcerated at the time suit is filed." *Duvall v. Dallas Cty.*, No. 3:05-cv-2431-B, 2006 U.S. Dist. LEXIS 87490, at *5-6 (N.D. Tex. Dec. 1, 2006) (Boyle, J.) ("[I]t is the plaintiff's status *at the time he files suit* that determines whether § 1997e(a)'s exhaustion provision applies."); *Pompey v. Cheney*, No. H-03-1543, 2006 U.S. Dist. LEXIS 106775, at *14 (S.D. Tex. Apr. 20, 2006) (citing 42 U.S.C. § 1997e(h)) (denying defendant's motion to dismiss for failure to exhaust administrative process and holding that plaintiff was not required to comply with the PLRA's exhaustion prerequisite because he filed his lawsuit after he was released from the prison).

Courts require prisoners to exhaust all available remedies properly such that when any administrative process remains uncompleted, "the requirements of the PLRA are not met, and dismissal is proper." *Nottingham*, 499 Fed. App'x at 373. When such remedies are unavailable, however, prisoners are exempt from seeking exhaustion. *Id.* at 374. But to trigger the exemption, a prisoner must show evidence that he could not have filed grievances because the administrative remedy was unavailable at the facility. *Id.*

In *Nottingham*, a *pro se* plaintiff sued a county jail and some of its employees while he was incarcerated, alleging, among others, that he suffered permanent damages to his kidneys because defendants ignored his medical conditions during his incarceration and that he was denied proper handicap accommodation during his transfer into the custody of the Texas Department of Criminal Justice (TDCJ). *Id.* at 371-72. The Fifth Circuit dismissed plaintiff's claims, explaining that plaintiff failed to show that he exhausted his available administrative process or that such remedies were unavailable to him while he was at the county jail or after his transfer to TDCJ. *Id.* at 373.

Here, like in *Nottingham*, the Court should dismiss Kennemer's ADA claim against Jack County. Kennemer filed his complaint on January 22, 2020—while he was incarcerated. Compl. ¶ 21, ECF No.1. On September 17, 2021, Kennemer filed a notice of address and status change, in which he stated that he "is nolonger [sic] a prisoner." Notice, ECF No. 31. In it, Kennemer alleged that he became a prisoner around April 17, 2018, and was transferred to Jack County jail in "late April or early May" of 2018. Compl. ¶¶ 21-24, ECF No. 1. The PLRA's mandatory exhaustion prerequisite, therefore, applied to require Kennemer to either exhaust administrative process at Jack County or show that no such process was available before he could seek judicial intervention. *Barr*, 507 F. Supp. 3d at 724. Kennemer did neither.

Indeed, Kennemer conceded this in a letter to Jack County Sheriff, Tom Spurlock, when he wrote that he "would like [the sheriff] to send me any Grievance procedure you may have for a prisoner in transit." Compl., Ex. A-8, ECF No. 1. Kennemer attached his letter to his complaint as Exhibit A-8. Accordingly, at the time he wrote his complaint, Kennemer did not know whether an administrative process existed at Jack County or what that process was and, assuming there was such a process, he did not use it to redress his alleged injury. For this reason alone, Kennemer's ADA claim should be dismissed.

## B. *Kennemer's ADA Complaint fails to state a claim against Jack County.*

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed. FED. R. CIV. P. 12(c); *Abreu v. Zale Corp.*, No. 3:12-cv-26220-D, 2013 U.S. Dist. LEXIS 67385, at *3 (N.D. Tex. May 13, 2013) (Fitzwater, J.). The Fed. R. Civ. Proc.12(c) dismissal standard is identical to the one under Fed. R. Civ. Proc. 12(b)(6). *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002); *Abreau*, 2013 U.S. Dist. LEXIS 67385, at *3. "In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Vess v. City of Dallas*, No. 3:21-cv-1764-D, 2022 U.S. Dist. LEXIS 111187, at *6 (N.D. Tex. June 23, 2022) (Fitzwater, J.).

But the court does not "credit conclusory allegations or assertions that merely restate the legal elements of a claim . . . . And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level" or their claims will be dismissed. *Odem v. Odom*, No. 1:20-cv-00042-BU, 2022 U.S. Dist. LEXIS 150572, at *3-4 (N.D. Tex. Mar. 10, 2022) (Parker, J.).

1. *Kennemer's allegations of disability-based discrimination under the ADA are meritless because they fail to indicate that Jack County intentionally treated him differently solely because of his disability.*

The Court should dismiss Kennemer's disability-based discrimination claim because it rests on mere speculations.

"Establishing a prima facie case of disability-based discrimination under Title II of the ADA requires the plaintiff to prove (1) that he is a qualified individual under the ADA; (2) that he is being excluded from participation in, or is being denied benefits, services, programs, or other

6

activities for which a public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability." *Borum v. Swisher Cnty.*, No. 2:14-cv-127-J, 2015 U.S. Dist. LEXIS 8628, at *9-10 (N.D. Tex. Jan 26, 2015) (Robinson, J.).

For instance, in another prisoner transit case, the plaintiff alleged that he was left on the floor of the transit van when transported from a jail to TDCJ without any opportunity to use the restroom or have safe transit as a disabled person. *Nottingham*, 499 Fed. App'x at 377. The Fifth Circuit held that the plaintiff failed to establish discrimination based on his limited ability to walk because there was no indication that the allegedly improper action of leaving plaintiff on the floor of the transit van had any connection to his alleged disability nor was there any indication that he was treated differently because of it. *Id.* In so holding, the Court observed that the "ADA is not violated by a prison's simply failing to attend to the medical needs of its disabled prisoners." *Id.* n. 7 (quoting *Olmstead v. L.C. ex rel. Zimring*, 52 U.S. 581, 603 n.14 (1999) ("We do not in this opinion hold that the ADA imposes on the States a 'standard of care' for whatever medical services they render, or that the ADA requires States to 'provide a certain level of benefits to individuals with disabilities.")).

Assuming Kennemer was a qualified individual because of the broken bone in his right foot, his allegations that Jack County failed to equip his cell "with a seat in the shower or rails to help me up from the toilet" or the "transport van . . . to transport a person with my disability" provide no facts to reasonably infer a connection between the alleged failures and his disability. Compl. ¶¶ 24-25 & 28, ECF No. 1. A successful ADA claim rests precisely on the allegations of intentional adverse treatment solely because of the individual's disability. *Davidson v. Tex. Dep't of Criminal Justice*, 91 Fed. App'x 963, 965-66 (5th Cir. 2004) (affirming dismissal of prisoner's

7

ADA claim because he failed to allege or show that he was adversely treated solely by reason of a disability). None of Kennemer's allegations indicate that he was treated intentionally differently solely because of his disability. *Payne v. Sutterfield*, No. 2:18-cv-084-Z-BR, 2021 U.S. Dist. LEXIS 139888, at *6 (N.D. Tex. July 27, 2021) (Kacsmaryk, J.) (dismissing plaintiff's ADA claim because he "failed to allege he was excluded from participation in or denied the benefits of a service, programs, or activities of a public entity that the exclusion, denial, or discrimination was because of his disability."). Accordingly, because Kennemer failed to adequately allege elements two and three of his disability-based discrimination claim, the Court should dismiss it as meritless.

> 2. ***Kennemer's allegations of a failure-to-accommodate under the ADA fail because they are devoid of facts showing that he identified his disability and resulting limitations and asked for an accommodation in direct and specific terms.***

"In addition to a disability-based discrimination prohibition, the ADA also imposes on public entities an affirmative obligation to make reasonable accommodations for disabled individuals—including prisoners—who take advantage of a public entity's services or programs. . . . An accommodation is considered reasonable if it is sufficient to provide a disabled person 'meaningful access to the benefit' offered by a public entity. . . . This 'reasonable accommodation' theory of discrimination . . . [allows] a plaintiff [to] satisfy the second and third prongs of the prima facie case of disability discrimination by establishing that the public entity has failed to make reasonable accommodations for a disabled person who uses the services provided by the public entity." *Borum*, 2015 U.S. Dist. LEXIS 8628, at *9-10.

A viable ADA claim based on this theory requires that the disabled person show that he "requested a modification and that the requested modification was reasonable." *Knighton v. Univ. of Tex. At Arlington*, No. 4:18-cv-00792-P, 2020 U.S. Dist. LEXIS 53355, at *12 (N.D. Tex. Mar. 27, 2020) (Pittman, J.). 'A critical component of a Title II claim for failure to accommodate . . . is

8

proof that the disability and its consequential limitations were known by the [entity providing public services]. . . . [and] the service provider understood the limitations [the plaintiff] experienced . . . as a result of that disability.' *Id.* Accordingly, "a plaintiff must 'specifically identify the disability and resulting limitations [and] request an accommodation in direct and specific terms.'" *Id.* at *13.

To illustrate, in *Knighton*, plaintiff alleged that the university failed to accommodate her by: (1) not extending her deadline to complete required hours within one of her semesters; and (2) failing to communicate in a manner she could understand. *Id.* This Court dismissed her failure-to-accommodate claim, holding that she "failed to allege facts demonstrating that she 'specifically identified her disability and resulting limitations [and] request[ed] an accommodation in direct and specific terms.'" *Id.*

This Court explained that plaintiff merely relied on "vague and conclusory assertions" that the university was aware of the disability and that she disclosed it to it on numerous occasions. *Id.* at *13-14. Additionally, the Court noted, plaintiff failed to allege that her disability, its resulting limitation, and reasonable accommodation were open, obvious, and apparent to the university or its employees. *Id.* at *14.

By contrast, in *Borum*, plaintiffs presented evidence that the Swisher County jail and its employees knew at the time of booking their pre-trial detainee that he suffered from alcoholism and severe depression and was also unable to speak clearly, had difficulty breathing, and was blind in one eye. *Borum*, 2015 U.S. Dist. LEXIS 8628, at *2-3. When the detainee died in his cell, his relatives filed a failure-to-accommodate claim against the jail, showing that despite their awareness of the deceased's disabilities, the jail and its employees refused to provide the deceased with a reasonable accommodation that would have allowed him to access two existing public services or

9

programs: prison food services and prison medical case. *Id.* at *22. Based on this evidence, the court denied the jail's partial motion for summary judgment and allowed plaintiffs' failure-to-accommodate claim to proceed. *Id.* at *22-23.

The facts in the case *sub judice* are antithetical to *Borum* and akin to *Knighton* because Kennemer failed to adequately allege that Jack County or its employees knew or were aware of his disability and its resulting limitations. Compl. ¶¶ 24-28, ECF No. 1. While Kennemer stated that "Corporal of Jack County Jail knowingly saw my disability and seeing my foot swollen . . . let John Doe Robinson take my crutches from me," this and similar statements derive solely from Kennemer's subjective observations. *Id.* at ¶ 28, ECF No. 1. These subjective observations rest on Kennemer's presumptions that Jack County knew or was aware of Kennemer's disability.

Neither has Kennemer alleged that he specifically identified his disability or consequent limitations to Jack County or its employees or directly requested that they provide him the necessary and reasonable accommodations. *Id.* at ¶¶ 24-28, ECF No. 1. To the contrary, Kennemer merely stated that the "corporal had me placed in a cell with no seat in the shower [or] rails along side the toilet to help me get up." *Id.* at ¶ 28, ECF No. 1. Further, the complaint merely stated that a Jack County employee removed Kennemer's crutches after he "used his cell to contact the Medical Assistant, and she tells him I do not need my crutchs [sic] anymore." *Id.* at ¶ 27, ECF No. 1. Based on this statement, the employee acted reasonably by removing the crutches because the medical staff told him that Kennemer did not need them. Accordingly, given Jack County's lack of knowledge or awareness of Kennemer's disability and its limitations and the need for reasonable accommodations, the Court should dismiss Kennemer's failure-to-accommodate claim with prejudice.

**RELIEF REQUESTED**

WHEREFORE, Jack County asks the Court to dismiss Kennemer's ADA claim based on his failure to exhaust administrative remedies and his failure to adequately allege facts showing discrimination.

                                                Respectfully submitted,

                                                /s/ *Ekaterina G. Long*
                                                Ekaterina G. Long
                                                State Bar No. 24102700
                                                email: ekaterina.long@squirepb.com
                                                S. Cass Weiland
                                                State Bar No. 21081300
                                                email: cass.weiland@squirepb.com
                                                SQUIRE PATTON BOGGS LLP
                                                2000 McKinney Ave., Suite 1600
                                                Dallas, Texas 75201
                                                (214) 758-1500
                                                (214) 758-1550 (fax)

                                                **ATTORNEYS FOR JACK COUNTY, TEXAS**

**CERTIFICATE OF SERVICE**

I certify that on November 4, 2022, my office served a true and correct copy of the foregoing motion on pro se Plaintiff via CMRRR, First Class Mail, and email as follows:

John David Kennemer
10813 Fandor Street
Fort Worth, TX 76108
davidkennemer@yahoo.com

                                                /s/ *Ekaterina G. Long*
                                                Ekaterina G. Long