UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JOHN DAVID KENNEMER,**

      **Plaintiff,**

**v.**                                                            **Civil No. 4:20-cv-056-P**

**PARKER COUNTY, TEXAS, et al.,**

      **Defendants.**

### **OPINION and ORDER GRANTING DISPOSITIVE MOTIONS**

Now pending is the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and incorporated brief filed by defendants Parker County, Texas ("Parker County") and Warden Ron King ("Warden King"). Parker/King Mot. Dismiss, ECF No. 39. Also pending is the motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and incorporated brief filed by defendant Jack County ("Jack County"). Jack County Mot. Judgment, ECF No. 43. Plaintiff John David Kennemer has not filed any response to either motion. After considering the remaining relief sought by Kennemer, the record, the briefing and the applicable law, the Court finds that the Defendants' dispositive motions must be **GRANTED**, and that all plaintiff Kennemer's remaining claims must be dismissed.

**I.    BACKGROUND**

    **A.    Procedural History**

Kennemer initiated this case with the filing of a form civil rights complaint with attachments, exhibits, and 34 footnotes, totaling 29 pages. Compl. 1-29, ECF No. 1. By an Opinion and Order of Partial Dismissal, this Court dismissed multiple defendants and claims under authority of 28 U.S.C. §§ 1915A and 1915(e)(2)(B), but allowed service of some claims against other defendants. ECF Nos. 12 and 13. Kennemer then filed an interlocutory notice of appeal from this Court's Order of Partial Dismissal. ECF No. 18. This Court stayed the case pending the resolution of that appeal. ECF No. 22. By Opinion and separate Judgment issued as mandate on August 1, 2022, the Fifth Circuit affirmed this Court's disposition of all of those claims and remanded the case as to the still pending claims. *Kennemer v. Parker County, Texas, et al.*, No. 21-10467 (Aug. 1, 2022). The Court then reopened the case,

and provided extended time for three defendants served before the stay (Parker County, Jack County, and Warden King) to appear, and provided Kennemer additional time to complete and serve summons on several other defendants. ECF Nos. 34, 35, 37, 39, and 43. When Kennemer wholly failed to respond to those orders,[1] the Court dismissed all unserved defendants by entry of an Order and Rule 54(b) Judgment. ECF Nos. 41, 42. Thus, the only claims left before the Court are Plaintiff's allegations within the complaint against Warden King and against Jack County and Parker County.

### B. Plaintiff's Remaining Claims

The Court will highlight the substance of Kennemer's claims against each remaining defendant:

**Parker County, Texas**

Plaintiff writes that the floor of the Parker County Jail discriminates against his disability. He alleges his crutches slip on the floor, and that the showers in cell E-9 and G-15 discriminate against his disability. He claims he cannot stand on both feet and wash the lower part of his body without a seat in the shower. He also alleges Parker County Jail has no [shower] seats. Compl. 4, ECF No.1.

Plaintiff also claims the floors of the Parker County Jail are slick with water or a polished finish that "discriminates against someone with [his] disability to be able to walk on without crutches." Parker County is also alleged to be responsible for compliance with disability statutes, such as having showers with seats, and rails beside the toilets. Compl. 13, ECF No. 1.

Plaintiff also recites a detailed factual narrative (apparently against Parker County, Texas) related to the conditions of his cell post-heel injury, to include allegations that he "is forced to drag myself to the toilet over a floor that has urine on it from a previous inmate," and he claims there was no way for him to avoid putting weight on his foot. Compl. 15, ECF No. 1

**Warden Ron King ( John Doe Warden)**

---

1. The docket shows that plaintiff Kennemer has filed no documents of any kind since he updated his address of record in September 2021, and in particular, since the appeal was resolved and the case reopened.

Plaintiff alleges that an unnamed Warden, acting in his personal capacity, placed him in a cell with no way to wash his lower body. He also alleges the Warden failed in his official capacity by not training the jailers under him of how to provide for someone with the medical care as a detainee. Compl. 5, ECF No. 1.

Plaintiff also alleges that on March 13, 2018, the Warden forced him to sign off on a report that had been prepared on what had happened to him on March 10-11, and to agree to a narrative included in that report that he believed to be false statements from another defendant. Kennemer alleges he signed the papers in order to be moved out of segregation without a wheelchair or crutches. Compl. 17, ECF No. 1. Instead, Plaintiff alleges the Warden, after he signed the papers, returned him to the cell that had no seat in the shower or rails by the toilet, subjecting him to deliberate indifference to his medical needs and disability. Compl. 17, ECF No. 1.

**Jack County, Texas**

Plaintiff recites that Jack County caused him injury by not providing him crutches or a wheelchair to get to the toilet and shower. He contends that Jack County discriminated against his disability by not allowing him to have rails at the toilet, or a seat in the shower. Compl. 6, ECF No. 1.

Plaintiff also informs that he was transported from the Parker County Jail to the Jack County Jail on May 23, 2018, and that the Jack County Sheriff's Department allowed his crutches to be taken away from him without seeing a doctor. Compl. 23, ECF No. 1.

Compl. 4, 5-6, 13, 15, 17 and 23, ECF No. 1. Plaintiff asserts claims for relief based upon constitutional violations as to some defendants, and he seeks relief under the Americans with Disabilities Act ("ADA") against Parker County and against Jack County, Texas. Compl. 9, ECF No. 1.

## II.    MOTIONS TO DISMISS and for JUDGMENT ON THE PLEADINGS
### A.    Applicable Law
#### 1.    Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is generally viewed with disfavor. *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). The court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.

*Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (citing *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). Rule 12 must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court cannot look beyond the face of the pleadings in resolving a Rule 12(b)(6) motion. *Doe ex rel. Magee v. Covington Cnty, Sch. Dist.*, 649 F.3d 335, 341 (5th Cir. 2011) (explaining that "[w]e examine only the allegations within the four corners of the complaint"), *aff'd on rehearing en banc*, 675 F.3d 849 (5th Cir. 2012). A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *See Schultea v. Wood*, 47 F.3d 1427, 1431 (5th Cir. 1995) (en banc); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (citation omitted)). Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As the United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and his "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), to the extent the Court concluded therein that a plaintiff can survive a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief"). Then, in *Ashcroft v. Iqbal,* the Supreme Court clarified that review of a 12(b)(6) motion is guided by two principles: (1) a court must apply the presumption of truthfulness only to factual matters and not to legal conclusions; and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678-680. If the pleadings fail to meet the requirements of *Iqbal* and *Twombly* no viable claim is stated and the pleadings are subject to dismissal.

    2.   Rule 12(c) Standard

The standard for dismissal on a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *See Truong v. Bank of America, N.A., et. Al.*, 717 F. 3d 377, 381 (5th Cir. 2013) (citing *In re Great Lakes Dredge & Dock Co. LLC.*, 624 F.3d 201, 209-10 (5th Cir. 2012)); *see also Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). To overcome a motion to dismiss under Rule 12(c) a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Hole v. Texas A & M University*, 360 F. App'x 571, 573 (5th Cir. 2010) (quoting *Ashcroft*, 566 U.S. at 678 (internal quotation *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *See In re Great Lakes Dredge*, 624 F.3d at 210. "'Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'–'that the pleader is entitled to relief.'"*Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal,* 129 S.Ct. at 1950) (internal quotation Fed R. Civ. P. 8(a)(2)). In considering the motion, the pleadings should be construed liberally and judgment on the pleadings granted only if there are no disputed issues of fact and only questions of law remain. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir.2001) (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir.1998)).

**B.** **ANALYSIS**

1. Claims Against Warden King

After review and consideration of Warden King's motion to dismiss, the Court finds and determines that the motion must be granted for the multiple reasons stated therein. In particular, for the reasons explained in the motion to dismiss at sections A(1-4), the Court finds that Kennemer has failed to allege: (1) sufficient personal involvement of King; (2) a sufficient physical injury to be entitled to monetary damages under 42 U.S.C. § 1997e(e); an Eighth Amendment claim as he was not a convicted prisoner; (4) sufficient facts to support the elements of a claim of retaliation; and (5) sufficient facts to support a claim of liability based on a failure to train subordinate jailers. Parker/King Mot. Dismiss 13-20, ECF No. 39.

2. Claims Against Parker County

After additional consideration and review of Parker County's motion to dismiss, the Court finds and determines that the motion must be granted for the

multiple reasons stated therein. In particular, for the reasons explained in the motion to dismiss at sections B(1-3), the Court finds that Kennemer has failed to allege: (1) plausible facts to support the elements of a prima facie violation of the ADA; (2) plausible facts to support a finding of discriminatory intent to deny him service because of a disability; and (3) an actual disability as defined under the ADA. Parker/King Mot. to Dismiss 20-23. ECF No. 39.

### 3.  Claims Against Jack County

After consideration and review of Jack County's motion for judgment on the pleadings, the Court finds and determines that the motion must be granted for the multiple reasons stated therein. In particular, for the reasons explained in the motion at section A, the Court finds first that Kennemer failed to properly exhaust his administrative remedies as to his claims against Jack County as required by 42 U.S.C. § 1997e(a). Jack County Mot. Judgment 7-9, ECF No. 43. Furthermore, and in the alternative, for the reasons explained in the motion at section B (1-2), the Court finds that Kennemer has failed to state a claim under the ADA against Jack County because he failed to: (1) state plausible facts to show that Jack County intentionally treated him differently solely because of a disability; and (2) identify his disability and limitations and ask Jack County officials for an accommodation in direct and specific terms. Jack County Mot. Judgment 10-14, ECF No. 43.

## III.  ORDER

For all of the above and foregoing reasons,

It is therefore **ORDERED** that the motion to dismiss of defendants Warden Ron King and Parker County, Texas (ECF No. 39) is **GRANTED**. It is further **ORDERED** that the motion for judgment on the pleadings of Jack County, Texas (ECF No. 43) is **GRANTED**.

It is further **ORDERED** that all Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE.**

**SO ORDERED** on this **21st day** of **February, 2023.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE